**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**JAMES BRADY, #89409**                                                                                   **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 3:10-cv-409-DPJ-FKB**

**MARGARETT BINGHAM, et al.**                                                          **DEFENDANTS**

<u>ORDER</u>

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the Central Mississippi Correctional Facility (CMCF), Pearl, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983.  The named Defendants are Margarett Bingham, Officer Danelle Wilson and Officer Terea Owens.  Upon review of the entire Court record, the Court has reached the following conclusions.

<u>Background</u>

Plaintiff states that he was transferred to CMCF Building 3-C2 on July 20, 2009, where he was directed by Defendant Wilson to leave his property in the hall and report to his assigned bed for count.  Compl. [1] at 4.  Plaintiff further alleges that Defendant Wilson instructed Defendant Owens to watch Plaintiff's property while Defendant Wilson made her count of the inmates.  *Id.*  Plaintiff claims that when he returned to the hallway his property had been opened, items were missing, and he alleges that they were stolen.  *Id.*  Plaintiff asserts that Defendant Owens later stated that she was not watching Plaintiff's property while it was left in the hallway. *Id.* at 5.  Plaintiff states that had Defendants Wilson and Owens watched his property while he was away, it would not have been lost.  *Id.*  Plaintiff further complains that Defendant Bingham violated his constitutional rights in that she did not make a "full investigation into the officers"

after his property was taken.  Resp. [11] at 2.  As relief, Plaintiff requests that his property be returned or that he be reimbursed for the items that were stolen.

Analysis

The Prison Litigation Reform Act, Title 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since Plaintiff was granted *in forma pauperis* status Section 1915(e)(2) applies to the instant case.  As discussed below, Plaintiff's § 1983 action fails to state a claim on which relief may be granted.

A complaint filed pursuant to § 1983 is not cognizable unless the Defendants deprived Plaintiff of some right secured by the Constitution or the laws of the United States.  *See Baker v. McCollan*, 443 U.S. 137, 140 (1979) (first inquiry in any section 1983 suit is whether the defendant has deprived the plaintiff of a right secured by the Constitution).

As to Plaintiff's claim that his property was taken while at CMCF and his request that it be returned, negligent acts by state official's causing the unintended loss of property do not violate the Due Process Clause if adequate post deprivation remedies exist.  *Lilly v. Briscoe*, 273 F.3d 392 (5th Cir. 2001) (citing *Simmons v. Poppell*, 837 F.2d 1243 (5th Cir. 1988)) (holding that return to medium custody allegedly resulting in the theft of inmate's cell contents by prison gang members did not implicate the Due Process Clause).  State law may provide an adequate post deprivation remedy.  *See Hudson*, 468 U.S. 517 (1984); *Marshall v. Norwood*, 741 F.2d 761, 763 (5th Cir. 1984).  Inmate grievance procedures put in place by the prison may also

constitute an adequate post-deprivation remedy.  *See, e.g., Hudson*, 468 U.S. at 536 n. 15.  There

is an inmate grievance procedure available to Plaintiff for such a loss, and Plaintiff has utilized

that procedure as he states in his complaint.  Compl. [1] at 6.  *See* Mississippi Department of

Corrections Inmate Handbook, Revised November 2009, Chapter VIII.

      The State of Mississippi provides at least three post-seizure remedies, including actions

for conversion, claim and delivery, and replevin, any of which Plaintiff can use to recover the

property he insists was wrongfully taken from him.  Further, it has been held that "Mississippi's

post-deprivation remedies for civil IFP litigants satisfy due process." *Nickens v. Melton*, 38 F.3d

183, 185 (5th Cir. 1994).  Since the State of Mississippi affords Plaintiff an adequate post

deprivation remedy for the alleged loss or deprivation of his personal property, no Due Process

violation exists and Plaintiff's assertion that Defendants have violated his constitutional rights is

found to be without merit.

<u>Conclusion</u>

      As discussed above, Plaintiff has failed to present an arguable constitutional claim

against these Defendants.  Therefore, this case will be dismissed for failure to state a claim,

pursuant to 28 U.S.C. § 1915(e)(2)(ii), with prejudice.

      Since this case shall be dismissed pursuant to Title 28 U.S.C. § 1915 (e)(2)(B)(ii) it will

counted as a "strike".[1]  If Plaintiff receives "three strikes" he will be denied *in forma pauperis*

---

[1]Title 28 Section 1915(g) states:

"[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or
proceeding under this section if the prisoner has, on 3 or more prior occasions, while
incarcerated or detained in any facility, brought an action or appeal in a court of the United
States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a
claim upon which relief may be granted, unless the prisoner is under imminent danger of

status and will be required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Order will be entered on this date.

**SO ORDERED** this the 5th day of October, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

serious physical injury."